**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PACIFIC SUNWEAR OF CALIFORNIA, INC., a California corporation,

Plaintiff - Appellee,

v.

KIRA PLASTININA STYLE, LTD., a Russian limited liability entity,

Defendant - Appellant.

No. 09-55699

D.C. No. 8:08-cv-01141-JVS-AN

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and MAHAN, [**] District Judge.

Kira Plastinina Style, Ltd. ("KP Style"), owner of the "Kira Plastinina"

trademark, appeals from the district court's grant of a preliminary injunction to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Pacific Sunwear of California, Inc. ("Pac Sun"), owner of the "Kirra" trademark. KP Style argues that the district court erred in finding there was a strong likelihood of confusion between the two trademarks. KP Style also argues that the district court erred in enjoining the use of "Kira Plastinina," the name of one of KP Style's designers, and in granting an injunction that enjoined nontrademark uses of the "Kira Plastinina" mark and was overbroad. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

Our review of a district court's grant of a preliminary injunctive relief is "limited and deferential," and we reverse only if the district court abused its discretion. *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam). A district court abuses its discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 (9th Cir. 2000). Our review of the district court's determination of likelihood of confusion is for clear error. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006).

Here, the district court correctly identified the legal standard for likelihood of confusion of a trademark, its findings of fact were not clearly erroneous, and the district court did not clearly err in finding a likelihood of confusion between the

two trademarks. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003). We therefore conclude that the district court did not abuse its discretion in holding that Pac Sun was likely to succeed on the merits of its trademark infringement claim. *See GoTo.com, Inc.*, 202 F.3d at 1205-6.

With respect to the scope of the district court's preliminary injunction, the court did not abuse its discretion in restricting certain uses of "Kira Plastinina." Despite these restrictions, the injunction properly reflects a consideration of the "reluctance to preclude an individual's business use of his name." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1288 (9th Cir. 1992) (internal citation omitted). Furthermore, enjoining use of "Kira Plastinina" in media advertisements, including audio and video, was not an injunction against nontrademark use, and the district court did not abuse its discretion in enjoining such advertising. *See id.* at 1297. Finally, the preliminary injunction is sufficiently clear to protect Pac Sun's interests and to provide KP Style with adequate notice of its provisions. *See id.* ("Injunctions are not set aside under Rule 65(d) unless they are so vague that they have no reasonably specific meaning.").

Accordingly, we affirm the district court's order granting the preliminary injunction.

AFFIRMED.